# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

**Katherine Wheeler Gamsey**　　　　　　Direct Dial: **404-881-7462**　　　　　　Email: **katie.gamsey@alston.com**

**VIA E-MAIL AND U.S. MAIL**

January 4, 2022

Alexander H. Burke
Burke Law Offices, LLC
909 Davis St., Suite 500
Evanston, IL 60201
aburke@burkelawllc.com

Re:　*Bilek v. National Congress of Employers, Inc.*, Case No.: 1:18-cv-03083 (N.D. Ill.)
　　　Subpoena to Testify at a Deposition in a Civil Action

Dear Alex:

　　This firm represents T-Mobile, US, Inc. ("T-Mobile") in connection with the December 17, 2021 subpoena served on T-Mobile issued in the above-referenced case (the "Subpoena"). T-Mobile hereby objects to the Subpoena, in its entirety, in accordance with Fed. R. Civ. P. 45(d)(2)(b), for the following reasons.

### Subpoena for Documents

　　*First*, as an initial matter, the Subpoena is premature. It seeks testimony and documents regarding confidential identifying information of potential class members. This information is not properly discoverable prior to a class being certified by the Court. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352-53, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978); *Drossin v. Nat'l Action Fin. Servs.*, No. 07-61873-CIV, 2008 U.S. Dist. LEXIS 110635, at *8 (S.D. Fla. Dec. 19, 2008).

　　*Second*, T-Mobile objects to providing any information regarding subscribers in Delaware, California, and Pennsylvania absent a court order. Under Delaware, California, and Pennsylvania law, T-Mobile is prohibited from disclosing the information the Subpoena seeks without written consent unless it is ordered by the court to do so. *See* Cal. Pub. Util. Code § 2894; 11 Del. C. § 2423(c)(2); 18 Pa. C.S.A. § 5742(c).

　　*Third*, T-Mobile objects to the unprecedented scope of the Subpoena, which seeks "[a]ll available contact information" of subscribers and users associated with phone numbers from April 30, 2014 to the present. The demand for release of 7 ½ years (90

Alston & Bird LLP　　　　　　　　　　　　　　　　　　　　　　　　　　　　　www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

January 4, 2022
Page 2

months) of statutorily protected and highly confidential subscriber information for 77,000 target telephone numbers is unprecedented in its breadth. The Subpoena is over broad, unduly burdensome, not refined in scope or date range and, most importantly, will lead to release of information for individuals that are not potential class members.

Further, it is unclear whether the targets identified in the Subpoena are limited to T-Mobile accounts. Searching for information associated with all targets, including those not associated with a T-Mobile account, is overly burdensome. T-Mobile will not undertake any search for the requested information unless and until the Subpoena is narrowed to contain only T-Mobile accounts.

*Fourth*, T-Mobile objects to the Subpoena as the burden and expense of compliance outweighs its benefit. T-Mobile does not have an automated solution to search in bulk for 77,000 phone numbers. Thus, compliance with the Subpoena would require T-Mobile, a non-party to this case, to develop a complicated, customized script to search for, extract, and produce the information requested. *See* Fed. R. Civ. P. 45 (requiring the serving party to "take reasonable steps to avoid imposing undue burden or expense" on a non-party). This is a time-consuming and burdensome task that is highly disruptive to T-Mobile's business operations. The information sought can be obtained from other sources that provide this information as part of their business and are more convenient, less burdensome, and less expensive. The immense burden on T-Mobile outweighs the relevance of any information. The requested information is not relevant to any party's claim or defense.

*Fifth*, T-Mobile objects to providing any information for its pre-paid customers. Because T-Mobile does not send bills to these customers monthly or otherwise, T-Mobile does not require its subscribers to provide personal identifying information upon activation of a pre-paid account.

*Sixth*, T-Mobile objects to providing user information. T-Mobile does not maintain user information as part of its subscriber data. Thus, to the extent user information is ever provided, T-Mobile does not verify it and cannot reasonably search for it.

*Seventh*, T-Mobile objects to providing e-mail information. T-Mobile does not maintain e-mail information as part of its subscriber data. Thus, to the extent e-mail information is ever provided, T-Mobile does not verify it and cannot reasonably search for it.

*Eighth*, T-Mobile objects to providing the type of service (i.e., mobile, landline, etc.). This information can be obtained from other sources that provide this information as part of their business and are more convenient, less burdensome, and less expensive.

**Subpoena for Deposition**

With respect to the testimony requested, the topics for deposition identified in the Subpoena are not relevant to any party's claim or defense and not proportional to the needs

January 4, 2022
Page 3

of the case. The burden and expense of providing testimony on these topics is therefore undue, particularly in light of T-Mobile's status as a non-party.

### **Other General Objections**

T-Mobile objects to the Subpoena because it is not subject to the jurisdiction of this court in this matter. *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 745 (N.D. Ill. May 19, 2016). The court is therefore unable to order T-Mobile to comply with the Subpoena.

T-Mobile objects to the Subpoena because it fails to allow a reasonable time to comply. The Subpoena is dated December 17, 2021 and requires production of documents on January 3, 2022, which is a two-week period that falls over the holiday season. Similarly, the deposition is noticed for less than a month after the date of the Subpoena, on January 11, 2022.

T-Mobile objects to providing any information in response to the Subpoena without reasonable compensation for the time and resources it expends complying with the Subpoena. T-Mobile requests that Plaintiffs reimburse T-Mobile for its actual costs incurred in complying with the Subpoena.

I am available to discuss at your convenience.

Sincerely,

*/s/ Katie Gamsey*

Katie Gamsey